**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5406-18T3

THE BANK OF NEW YORK
MELLON, f/k/a THE BANK
OF NEW YORK, AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF
THE CWALT, INC.,
ALTERNATIVE LOAN TRUST
2007-HY7C MORTGAGE PASS-
THROUGH CERTIFICATES,
SERIES 2007-HY7C,

     Plaintiff-Respondent,

v.

DENNIS RINKER,

     Defendant-Appellant,

and

MRS. DENNIS RINKER,
his wife, DENISE EVANS
and SHORE MEMORIAL
HOSPITAL,

     Defendants.
_____

Submitted September 21, 2020 – Decided October 14, 2020

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. F-025425-17.

Dennis Rinker, appellant pro se.

Frenkel Lambert Weiss Weisman & Gordon, LLP, attorneys for respondent (Timothy Ziegler, on the brief).

PER CURIAM

Defendant Dennis Rinker appeals the August 31, 2018 order granting summary judgment to plaintiff and the May 20, 2019 final foreclosure judgment. We are not persuaded by defendant's arguments that plaintiff lacked standing to foreclose and did not comply with the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68.

In 2007, defendant signed a $146,000 note to Countrywide Bank, FSB (Countrywide) for a residential property in Egg Harbor Township. Defendant also executed a mortgage to Mortgage Electronic Registration Systems (MERS) as nominee for Countrywide to secure the note and recorded it. In 2012, the mortgage was assigned by MERS to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc.,

Alternative Loan Trust 2007-HY7C Mortgage Pass-Through Certificates, Series 2007-HY7C (plaintiff) and recorded it (the 2012 Assignment). In 2015, MERS, as nominee for Countrywide, assigned the mortgage to Bank of New York Mellon, f/k/a the Bank of New York, as Trustee, on Behalf of the Holders of the Alternative Loan Trust 2007-HY7C, Mortgage Pass Through Certificates Series 2007 HY7C (the 2015 Assignment), and recorded it. A third assignment was executed in 2016 and recorded in 2017. It was a "gap assignment" to "complete the chain" from the 2012 Assignment to the 2015 Assignment. This assignment was from plaintiff to MERS as nominee for Countrywide (the 2016 Assignment).

Defendant defaulted on the note in October 2011 and has not made payments since then. Plaintiff filed the foreclosure complaint on November 9, 2017. Defendant filed a contesting answer—where he denied most of the allegations—except he admitted he defaulted on the note and that the whole amount of it was due. Defendant asserted several affirmative defenses, including that plaintiff lacked standing.

Plaintiff filed a motion for summary judgment. Relying on a certification from Cynthia Morrow, a litigation foreclosure specialist employed by the servicer of plaintiff, plaintiff claimed the original note was in its possession

A-5406-18T3

prior to filing the foreclosure complaint, the mortgage was assigned to it and recorded prior to filing the foreclosure complaint, and that defendant defaulted on the note and remained in default. Plaintiff alleged the NOI was sent by regular and certified mail in December 2015.

Defendant's cross-motion to dismiss alleged the statute of limitations precluded enforcement and plaintiff did not have possession of the note. Critically, in responding to plaintiff's Statement of Material Facts, defendant acknowledged the NOI was sent by regular and certified mail on December 15, 2015, and that the 2015 Assignment was from MERS, as nominee for Countrywide, into plaintiff. Defendant continued to dispute that plaintiff had possession of the original note. Plaintiff responded by providing a bailee letter that plaintiff's attorney had possession of the note more than thirty days prior to filing for foreclosure.

The August 31, 2018 order granted plaintiff's motion for summary judgment, striking defendant's answer and allowing the case to proceed as uncontested. Defendant's cross-motion was denied. A final judgment of foreclosure was entered on May 20, 2019.

On appeal, defendant argues the trial court erred and abused its discretion by granting summary judgment and denying his cross-motion to dismiss. He

contends the NOI was not mailed with a return receipt requested and that plaintiff lacked standing to foreclose.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511 (2019). A court should grant summary judgment "when 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 528-29 (1995)); see also R. 4:46-2(c). Defendant's arguments lack merit.

Defendant does not dispute he signed the note and mortgage, defaulted on payment and has not paid the mortgage since October 1, 2011. Rather, he claims plaintiff lacks standing to foreclose, alleging lack of possession of the note and a problem with the assignments.

A party seeking to establish its right to foreclose on a mortgage must generally "own or control the underlying debt." Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 222 (App. Div. 2011) (quoting Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011)). In Deutsche Bank Tr. Co. Americas v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012), we

held that "either possession of the note or an assignment of the mortgage that predated the original complaint confer[s] standing," thereby reaffirming our earlier holding in Mitchell, 422 N.J. Super. at 216.

Morrow certified the loan records were business records, she was personally familiar with the subject loan and reviewed the account. Her certification complied with N.J.R.E. 803(c)(6). See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div. 2014). She certified plaintiff was in possession of the note—endorsed in blank[1]—prior to filing the complaint. The bailee letter also confirmed plaintiff's possession of the note prior to filing the foreclosure complaint.

Defendant disputed plaintiff's possession of the note in his response to plaintiff's Statement of Material Facts. However, he admitted the 2015 Assignment was from MERS, as nominee of Countrywide, to plaintiff. With that admission, there was evidence the assignments ran from MERS to plaintiff (the 2012 Assignment), from plaintiff to MERS as nominee for Countrywide (the 2016 Assignment), and from MERS, as nominee for Countrywide, to plaintiff (the 2015 Assignment). Thus, even if possession of the note were not

---

[1] This means the note "becomes payable to bearer and may be negotiated by transfer of possession alone . . . ." N.J.S.A. 12A:3-205(b).

established based on defendant's admission and Morrow's certification, we agree with the trial court that plaintiff showed the mortgage was assigned to it and recorded prior to filing the foreclosure complaint. That was all that was necessary to show standing.

The FFA requires that a "[n]otice of intention to [foreclose] . . . shall be in writing . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b). Mailing or in person delivery effectuates the notice. Ibid. The NOI is to be sent before the foreclosure complaint is filed. N.J.S.A. 2A:50-56.

Defendant argues the NOI was not sent certified mail, return receipt requested as required by the statute. He did not raise this issue previously. Generally, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Those standards are not met here.

A-5406-18T3

If we were to consider the issue, defendant acknowledged in his answer to plaintiff's Statement of Material Facts that the NOI was sent on December 15, 2015, by regular and certified mail. He did not claim lack of notice. If by chance the NOI was not sent return receipt requested, he did not claim he was prevented by this from curing the default. Presumably, the return receipt is for plaintiff to prove that defendant received the NOI, a fact defendant has not denied.

After carefully reviewing the record and the applicable legal principles, defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5406-18T3