# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0725-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.T.K.,

     Defendant-Appellant.

_____

Submitted January 20, 2021 – Decided March 15, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 13-08-0451.

Joseph E. Krakora, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

John T. Lenahan, Salem County Prosecutor, attorney for respondent (David Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a June 6, 2019 order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. He contends that his trial counsel was ineffective and that, at a minimum, he was entitled to an evidentiary hearing. We disagree and affirm.

I.

Defendant was charged with repeatedly sexually assaulting his daughter over a four-year period when the daughter was between the ages of seven and eleven. A jury convicted defendant of two counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

At trial, the State presented evidence from numerous witnesses, including the victim and a detective who had interviewed the victim. The detective also collected carpet samples from the location where the victim claimed that defendant had forced her to perform oral sex and then spit his semen. The State had also presented expert testimony concerning the Child Sexual Abuse Accommodation Syndrome (CSAAS). Defendant elected not to testify and called no witnesses.

A-0725-19

Following the jury verdict, defendant was sentenced to an aggregate prison term of twenty-two years, with over fourteen years of parole ineligibility as prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was also sentenced to parole supervision for life, required to comply with registration and reporting restrictions as prescribed by Megan's Law, N.J.S.A. 2C:7-1 to -11, and prohibited from having contact with the victim as prescribed by Nicole's Law, N.J.S.A. 2C:44-8.

On direct appeal, we affirmed defendant's convictions but remanded for resentencing so the trial court could explain the reasons for the consecutive sentence. State v. R.K., No. A-3540-14 (App. Div. Dec. 1, 2017) (slip op. at 15). Thereafter, the trial court resentenced defendant and imposed the same aggregate prison term. In May 2018, the Supreme Court denied defendant's petition for certification. State v. R.K., 235 N.J. 402 (2018).

In January 2019, defendant filed a petition for PCR. He was assigned counsel, and the PCR court heard oral argument. On July 6, 2019, the PCR court denied defendant's petition and issued a written opinion explaining the reasons for the denial. In that opinion, the court reviewed all the arguments presented by PCR counsel, as well as defendant, analyzed those arguments, and determined that defendant had failed to establish a prima facie showing of

A-0725-19

ineffective assistance of counsel. Accordingly, the PCR court also denied defendant's request for an evidentiary hearing.

II.

On this appeal, defendant contends that the PCR court erred in denying his petition and denying him an evidentiary hearing. He contends that his trial counsel was ineffective for four different reasons, which also had a cumulative effect of denying him his right to effective counsel. Specifically, defendant articulates his arguments as follows:

POINT I – BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Applications For Post-Conviction Relief.

(B) Trial Counsel Failed to Object to the CSAAS Expert Witness Testimony and Failed to Object to the Reliability of the Social Science Supporting Her Explanation.

(C) Trial Counsel Failed to Conduct Investigation and Prepare for Trial, Including Plea Negotiations.

(D) Trial Counsel Failed to Appropriately Cross-Examine K.K. and Retain an Expert on the Issue of Discolored Semen.

(E) Trial Counsel Failed to Object to Detective Hill's Hearsay Regarding DNA in the Marital Bedroom.

4

(F)  The Cumulative Errors by Trial Counsel Results in Violation of Petitioner's Sixth Amendment Right to Effective Counsel.

POINT II – BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A)  Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B)  Petitioner is Entitled to an Evidentiary Hearing.

Where, as here, the PCR court has not conducted an evidentiary hearing, legal and factual determinations are reviewed de novo.  State v. Harris, 181 N.J. 391, 419 (2004).  The decision to proceed without an evidentiary hearing is reviewed for abuse of discretion.  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test:  (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 57-58 (1987).  On petitions brought by a defendant who has entered a guilty plea, a defendant satisfies the first Strickland prong if he or she

5

A-0725-19

can show that counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). Defendant proves the second component of Strickland by establishing "a reasonable probability that" defendant "would not have pled guilty," but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

1. The CSAAS Expert

Defendant contends that his trial counsel was ineffective for failing to object to the State's CSAAS expert and the testimony concerning CSAAS. We reject this argument because defendant cannot establish either prong of the Strickland test.

Defendant was tried in 2014. At that time, "[t]he use of [CSAAS] expert testimony [was] well settled." State v. W.B., 205 N.J. 588, 609 (2011). Our Supreme Court had first accepted and authorized the use of CSAAS experts almost twenty years earlier. See State v. J.Q., 130 N.J. 554, 579 (1993). In J.Q., the Court held that CSAAS testimony was sufficiently reliable to permit the State to present expert testimony to "explain why many sexually abused children delay reporting their abuse, and why many children recant allegations of abuse

A-0725-19

and deny that anything occurred." Ibid. (quoting John E. B. Myers et al., Expert Testimony in Child Sexual Abuse Litigation, 68 Neb. L. Rev. 1, 67-68 (1989)).

In July 2018, however, the Court changed the law and concluded "it is no longer possible to conclude that CSAAS has a sufficiently reliable basis in science to be the subject of expert testimony." State v. J.L.G., 234 N.J. 265, 272 (2018). Consequently, the Court ruled that expert testimony about CSAAS and four of its component behaviors could no longer be admitted at criminal trials. Id. at 303. Two years later, the Court clarified that its holding in J.L.G. would be afforded only pipeline retroactively and, consequently, only applied to cases that were pending appeal in July 2018, when the J.L.G. decision was issued. State v. G.E.P., 243 N.J. 362, 370, 389 (2020).

The new rule of law announced in J.L.G. is not applicable to defendant because he had exhausted his direct appeal when the Supreme Court denied his petition for certification in May 2018, more than two months before the J.L.G. decision was issued in July 2018. Consequently, his trial counsel was not ineffective in failing to challenge the CSAAS expert. "[T]here cannot be a cognizable ineffective assistance claim when there is not yet a recognizable legal basis for the motion that defendant says should have been made." Harris, 181 N.J. at 436. Trial counsel's performance is measured by "the law as it stood at

the time of counsel's actions, not as it subsequently developed." State v. Goodwin, 173 N.J. 583, 597 (2002) (citing State v. Fisher, 156 N.J. 494, 501 (1998)).

Moreover, defendant can establish no prejudice. Had his trial counsel filed a motion to preclude the CSAAS expert, the trial court would have been compelled to deny that motion because the governing law at that time permitted CSAAS expert testimony as prescribed by our Supreme Court.

2. Trial Counsel's Alleged Failure to Conduct Investigations and Prepare for Trial

Defendant also contends that his trial counsel was ineffective in his investigation, preparation for trial, and plea negotiations. We reject these arguments for two reasons.

Defendant did not raise the arguments concerning plea negotiations before the PCR court. Accordingly, we decline to consider this new argument on appeal. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (recognizing the well-settled principle that appellate courts will generally decline to consider questions raised for the first time on appeal unless the questions involve the trial court's jurisdiction or matters of great public interest).

Defendant's additional arguments concerning failure to prepare for trial and conduct investigations are conclusory and lack any evidential support.

A-0725-19

Those unsupported allegations are insufficient to establish a prima facie showing of ineffective assistance of counsel. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (to raise a successful claim, a defendant must make more than mere "bald assertions" of ineffective assistance).

3.    Trial Counsel's Alleged Failure to Appropriately Cross-Examine the Victim and Retain an Expert on the Issue of the Color of Defendant's Semen

At trial, the victim testified that "greenish clear yellowish stuff" would come out of defendant's penis. Defendant now contends that his trial counsel was ineffective for not appropriately cross-examining the victim on that testimony and for failing to retain an expert to testify that discolored semen is attributable to various physical conditions that defendant did not have.

Defendant's argument about cross-examining the victim depends on the related argument of having an expert who could testify concerning the color of defendant's semen. Without expert testimony, cross-examining the victim would not have been a strategically wise tactic. Defendant's argument, therefore, fails because he presented no evidence of what an expert would have testified or whether such an expert could have testified. Defendant must do more than make an unsupported assertion if he claims that there needed to be expert testimony. He must present either a proposed expert report or evidence

of what a report would have reflected. See State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002) (citing Cummings, 321 N.J. Super. at 170) (defendant must provide facts that could have been revealed by exculpatory witness, supported by affidavits or certifications based on personal knowledge). Defendant failed to provide any support for his arguments and, therefore, he has not established a prima facie showing of ineffective assistance of counsel.

4.     Trial Counsel's Failure to Object to the Testimony by the Detective

Defendant claims that trial counsel was ineffective in failing to object to testimony by the detective who testified about what the victim told him. We discern no error or prejudice.

Even if counsel had made an objection, it is not clear that the testimony was hearsay because it was not necessarily offered for the truth of the matter. N.J.R.E. 801(c). Without an objection, that issue was not properly developed at trial and we are left to speculate as to what may have happened. In addition, defendant has made no showing that without the detective's testimony, the State's case would have been weakened. The State presented strong and compelling evidence of defendant's crimes, including testimony from the victim and corroborating DNA evidence. Therefore, defendant cannot establish the second prong of the Strickland test.

10

5. Alleged Cumulative Errors

The cumulative effect of trial errors can merit reversal when they "cast[] doubt on the fairness of defendant's trial and on the propriety of the jury verdict that was the product of that trial." State v. Jenewicz, 193 N.J. 440, 447 (2008). Accordingly, reversal can be justified when the cumulative effect of a series of errors is harmful, even if each error by itself is harmless. Ibid. Having found no ineffective assistance of counsel, we discern no cumulative error.

6. The Denial of an Evidentiary Hearing

Finally, we reject defendant's contention that he was entitled to an evidentiary hearing. A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). The PCR judge should grant an evidentiary hearing only "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992). Here, defendant failed to make that showing and he was not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0725-19