NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2169-15T2

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE,
SUCCESSOR IN INTEREST TO
WACHOVIA BANK, NATIONAL
ASSOCIATION, AS TRUSTEE
FOR WELLS FARGO ASSET
SECURITIES CORPORATION,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES
2004-D,

 Plaintiff-Respondent,

v.

KEVIN MORRIS,

 Defendant-Appellant,

and

MRS. KEVIN MORRIS, HIS
WIFE and UNITED STATES
OF AMERICA,

 Defendants.
______________________________

 Submitted February 7, 2017 – Decided July 13, 2017

 Before Judges Espinosa and Suter.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Somerset County, Docket No.
 F-044394-13.
 Montell Figgins, attorney for appellant.

 Reed Smith, L.L.P., attorneys for respondent
 (Henry F. Reichner, of counsel and on the
 brief).

PER CURIAM

 Defendant Kevin Morris (Morris) appeals an August 25, 2015

final judgment foreclosing his interest in certain residential

real estate.

 In 2004, Morris executed a $650,000 note and a mortgage with

Wells Fargo Home Mortgage, Inc. (Wells Fargo) to purchase a

residential property in Watchung. In March 2013, Morris's recorded

mortgage was assigned by Wells Fargo to plaintiff U.S. Bank

National Association, as Trustee, successor in interest to

Wachovia Bank, National Association, as Trustee for Wells Fargo

Asset Securities Corporation, Mortgage Pass-Through Certificates,

Series 2004-D (U.S. Bank), and recorded. Morris defaulted on the

mortgage loan in February 2013.

 U.S. Bank filed a foreclosure complaint on November 27, 2013,

which named Morris as a defendant along with his wife and other

judgment creditors. Morris filed an answer with separate defenses

in February 2014 in which he admitted executing the note and

mortgage, and that the property was subject to the mortgage. By

neither admitting nor denying that he had defaulted on the mortgage

loan, Morris admitted to the default pursuant to Rule 4:64-1(c).

 2 A-2169-15
 Morris retained new counsel at the end of November 2014.1

Within days, Morris executed a consent order wherein he withdrew

his answer. It was entered as a court order on December 3, 2014

and provided:

 1. Defendant KEVIN MORRIS hereby
 withdraws his contesting answer and
 any and all counterclaims are hereby
 withdrawn; and

 2. Defendant hereby waives formal
 notice under Section 6 of the New
 Jersey Fair Foreclosure Act; and

 3. Plaintiff shall not submit its
 proofs for entry of judgment until
 April 2, 2015[; and]

 4. The matter shall be returned to
 the Office of Foreclosure to proceed
 as an uncontested matter.

 Consistent with the consent order, U.S. Bank did not file a

motion for entry of a final judgment until July 2015, after the

other defendants were defaulted. A final judgment of foreclosure

(Final Judgment) was entered on August 25, 2015, followed in

December 2015 by a writ of execution. Morris received a copy of

the Final Judgment on January 9, 2016 and filed this appeal. We

1
 This is the same counsel who is representing Morris in this
appeal.

 3 A-2169-15
granted Morris's request to consider the appeal filed as within

time.

 Morris appeals the Final Judgment, contending its entry was

not adequately supported. He contends U.S. Bank did not establish

it had standing to file the foreclosure complaint because it did

not allege it had possession of the note at the time the complaint

was filed. Morris further contends he was denied the right to

discovery. Morris requests to vacate the Final Judgment under

Rule 4:50-1 because he has shown excusable neglect, and because

to do so would be in the interests of justice.

 Generally, we "decline to consider questions or issues not

properly presented to the trial court when an opportunity for such

a presentation is available unless the questions so raised on

appeal go to the jurisdiction of the trial court or concern matters

of great public interest." Selective Ins. Co. of Am. v. Rothman,

208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co.,

62 N.J. 229, 234 (1973)); accord Johnson v. Roselle EZ Quick,

L.L.C., 226 N.J. 370, 396-97 (2016). "A judgment or order entered

with the consent of the parties is ordinarily not appealable for

the purpose of challenging its substantive provisions." Pressler

& Verniero, Current N.J. Court Rules, comment 2.2.3 on R. 2:2-3

(2017); see also N.J. Sch. Constr. Corp. v. Lopez, 412 N.J. Super.

298, 308 (App. Div. 2010) (finding it "clear" that "an 'order

 4 A-2169-15
. . . consented to by the attorneys for each party . . . is . . .

not appealable.'") (quoting Winberry v. Salisbury, 5 N.J. 240,

255, cert. denied, 340 U.S. 877, 71 S. Ct. 123, 95 L. Ed. 638

(1950)).

 Morris appeals from the entry of the Final Judgment. He did

not file a motion before the trial court to vacate the Final

Judgment under Rule 4:50-1, nor did he raise the issues he has

presented to us in this appeal. He did not file a motion before

the trial court to vacate the consent order, in which he agreed

to strike his contesting answer. Therefore, none of the issues

raised by Morris now about standing or discovery were presented

to a trial court because Morris signed a consent order that allowed

the case to proceed as uncontested.

 However, here we choose to exercise our original jurisdiction

under Rule 2:10-5 to resolve the issues on appeal, and affirm the

Final Judgment. Morris has provided no valid reason why he should

not be held to his agreement. The consent order by its terms was

entered into "with the agreement and consent of, [Morris], by and

through his counsel, Montell Figgins, Esquire, appearing."

Additionally, "[p]ublic policy favors the settlement of disputes."

Willingboro Mall, Ltd. v. 240/242 Franklin Ave. L.L.C., 215 N.J.

242, 253 (2013); see also Gere v. Louis, 209 N.J. 486, 500 (2012)

(noting "New Jersey's strong public policy in favor of the

 5 A-2169-15
settlement of litigation"). Morris provides no reason to vacate

either the consent order or the Final Judgment.

 Morris's belated attempt to vacate the Final Judgment by

raising the issue of U.S. Bank's standing to foreclose is

erroneous; see also Deutsche Bank Nat'l Tr. Co. v. Russo, 429 N.J.

Super. 91, 101 (App. Div. 2012) ("[S]tanding is not a

jurisdictional issue in our State court system and, therefore, a

foreclosure judgment obtained by a party that lacked standing is

not 'void' within the meaning of Rule 4:50-1(d)."). Moreover,

Morris opted not to pursue discovery by signing the consent order

that withdrew his contesting answer. Thus, there is no merit to

Morris's appeal of the Final Judgment.

 The Final Judgment is affirmed.

 6 A-2169-15