**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3669-19

Estate of ELIJAH RODRIGUEZ,
by and through his administratrix
ad prosequendum, ESMERALDA
CANARTE, and ESMERALDA
CANARTE, individually,

      Plaintiffs-Respondents,

v.

KIWANIS AMBULANCE
SERVICE OF BOONTON, INC,
BOONTON POLICE
DEPARTMENT, SAINT CLARE'S
HOSPITAL-DENVILLE, and
LYNN MCCOY, D.O.,

      Defendants,

and

TOWN OF BOONTON,

      Defendant-Appellant.

_____

Submitted March 15, 2021 – Decided July 19, 2021

Before Judges Messano and Smith.

On appeal from the Superior Court of New Jersey,
Law Division, Morris County, Docket No. L-2243-19.

Dorsey & Semrau, LLC, attorneys for appellant (Fred
C. Semrau, of counsel; Edward R. Pasternak, on the
briefs).

Pellettieri Rabstein & Altman, attorneys for
respondents (Thomas R. Smith, of counsel and on the
brief).

PER CURIAM

Defendant Town of Boonton (Boonton) appeals denial of its motion for reconsideration of a November 8, 2019 order granting plaintiff's motion to deem her late tort claim notice timely filed.

Boonton argues the court erred by finding the notice of motion was properly served. Although not properly raised below, Boonton also argues plaintiff did not provide sufficient reasons to prove extraordinary circumstances. See N.J.S.A. 59:8-9 (permitting claimant to file a late notice of claim upon demonstrating extraordinary circumstance for the failure to file within time). For the reasons set forth below, we affirm.

I.

Elijah Rodriguez, a minor, suffered a choking incident while in his home in Boonton on May 9, 2019. Emergency medical services were summoned, and

Rodriguez was transported via ambulance to the hospital emergency room, but he unfortunately died. He was fifteen years old.

Plaintiff Esmeralda Canarte, Elijah's mother, contacted a law firm on July 29, 2019, eighty-one days after the incident. A representative of the firm met with plaintiff the very next day. Without being retained, the firm ordered the police report to ascertain whether there were any public entities or public employees involved. The firm received the police report on Friday, August 16, 2019. Plaintiff then retained the firm.

Boonton is a municipal entity with offices located at 100 Washington Avenue. On August 19, 2019, one-hundred and two days after Elijah's death, plaintiff's counsel sent a tort claims notice to Boonton administrator Neil Henry (Henry) at the municipal office via certified mail, return receipt requested. Boonton acknowledged receipt of the tort claims notice by signing the certified mail receipt. The municipal clerk, Cynthia Oravits (Oravits), then forwarded the tort claims notice to the Morris County Joint Insurance Fund (JIF).

On August 26, 2019, the JIF wrote plaintiff's counsel advising it was Boonton's third-party claims administrator; it also requested plaintiff's HIPAA release in order to investigate the matter. On September 9, 2019, the JIF wrote plaintiff's counsel stating that due to the "lateness of reporting the claim"

3

pursuant to the Tort Claims Act, N.J.S.A. 59:8-9, plaintiff was "required to file a motion . . . seeking approval to file a late Notice of Tort Claim." The letter further requested that "upon receiving this approval, please advise our office and we will then proceed with the handling of your claim." The JIF sent a copy of the letter to its insured, Boonton, via email.

On October 17, 2019, plaintiff's counsel filed their motion seeking leave to file a late notice of tort claim, and served a copy by regular mail on Boonton's town administrator, Henry, at the municipal address. The judge granted the motion unopposed on November 8, 2019. Inexplicably, plaintiff's counsel did not forward a copy of the executed order to the JIF or to Boonton until February 26, 2020. The JIF did not forward the order to its insured, Boonton, until March 16, 2020. On March 30, 2020, Boonton moved for reconsideration of the order granting plaintiff permission to file a late notice of claim.

At the reconsideration hearing, Boonton argued it never received the plaintiff's notice of motion and sought leave to file opposition on the issue of extraordinary circumstances. The motion record shows Boonton made no substantive argument at that time. The judge reviewed the parties' competing certifications on the issue of service, heard argument of counsel, and found that Boonton was served with plaintiff's October 17, 2019 notice of motion. While

the judge articulated detailed findings as to why she concluded Boonton had notice of the plaintiff's motion, at reconsideration she placed no findings on the record regarding extraordinary circumstances that justified the late notice of claim. On appeal, Boonton argues that the motion judge should have reviewed the "probative and competent" evidence and found that Boonton was not served with the plaintiff's notice of motion. Boonton also argues, without raising the issue during reconsideration, that plaintiff failed to establish extraordinary circumstances to warrant the filing of a late notice of claim under N.J.S.A. 59:8-9.

## II.

We will not disturb denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). We examine discretionary determinations, supported by the record, to discern whether an abuse of reasoned discretion has occurred. Gac v. Gac, 186 N.J. 535, 547 (2006).

While the "'abuse of discretion' standard defies precise definition," Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted), "we do not overturn those determinations unless the court abused its discretion, failed

5

to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004) (citations omitted).

When issues are not properly raised before us, "[a]ppellate review is not limitless. The jurisdiction of appellate courts . . . is bound by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1977)).

Boonton argues it did not receive plaintiff's notice of motion and therefore the motion judge should have granted reconsideration of her November 8 order. Boonton asserts the factual disputes between the parties regarding service of the motion should have been resolved in its favor. Rule 1:6-3(c) governs service of motions. Service of motion papers is complete upon receipt at the office of adverse counsel or the address of a pro se party. Ibid. Notably, the rule also

6

presumes effective service by the third business day after mailing when motions are sent by ordinary mail.  Ibid.

In deciding the reconsideration motion, the court had before it, among other submissions, plaintiff's proof of service by regular mail of the October 17 motion, as well as the certifications of Henry and Oravits alleging they never received the motion.  After considering the submissions and hearing argument of counsel, the court made findings and concluded Boonton had been served with plaintiff's October 17 motion.

"The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence.  Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'"  Seidman v. Clifton Sav. Bank, SLA, 205 N.J. 150, 169 (2011).

Boonton failed to make the argument before the motion judge that it presents to us now, specifically, that plaintiff did not demonstrate extraordinary circumstances pursuant to N.J.S.A. 59:8-9.  At the reconsideration hearing, Boonton merely sought permission to file opposition on the question.  The motion judge found plaintiff served Boonton with the October 17 notice of motion, hence the opportunity to file opposition had passed.  We see no reason

7

to disturb the findings or conclusions of the judge concerning the notice of motion, <u>Storey</u>, 373 N.J. Super at 479, and we are reluctant to review issues on appeal not properly raised below.  <u>Selective Ins. Co.</u>, 208 N.J. at 586.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION