**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3745-19

VARINDER KAUR,

  Plaintiff-Respondent,

v.

JOLIE BATTISTA,

  Defendant-Appellant.

_____

      Submitted October 6, 2021 – Decided October 22, 2021

      Before Judges Fuentes and Gooden Brown.

      On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-000943-20.

      Jolie Battista, appellant pro se.

      Respondent has not filed a brief.

PER CURIAM

   In this one-sided appeal arising from an ejectment action, self-represented

defendant, Jolie Battista, appeals from two Law Division orders entered May

21, 2020, denying defendant's motion for summary judgment and entering an order for possession. On January 17, 2020, plaintiff Varinder Kaur filed a verified complaint in support of an order to show cause against defendant seeking a "judgment for unlawful detainer and . . . right of possession" of premises located on Whitman Street in Carteret (the subject property). In the complaint, plaintiff alleged she "bought [the subject property at a] Sheriff['s] sale, defendant [was the] prior owner," plaintiff was "paying taxes and [the] mortgage" on the property but did "not have possession of [it]," and "there [was] no landlord/tenant relationship . . . between . . . plaintiff and defendant[]."

In a January 21, 2020 order, the trial court directed defendant to appear on March 19, 2020, and show cause why judgment should not be entered. On February 14, 2020, defendant filed an objection to the relief sought and, on April 24, 2020, moved for summary judgment dismissal of plaintiff's complaint.[1] In support of her motion, defendant asserted plaintiff "failed to include any facts in the complaint" to show that "as a result of a mortgage foreclosure sale," plaintiff "obtain[ed] the legal right to possession of the subject [property]."

On May 21, 2020, the court conducted a virtual hearing on the ejectment action and considered defendant's motion for summary judgment. Plaintiff was

---

[1] The record is silent regarding any interim proceedings.

present and represented by counsel at the proceeding. However, as the judge noted, although defendant was aware of the hearing, she refused to participate in the proceeding, despite numerous attempts to contact her, and at one point even "hung up" on the judge's law clerk. During the hearing, plaintiff testified she attended a sheriff's sale on December 11, 2019, where she successfully bid on the subject property. According to plaintiff, she bid $267,000 and paid a $55,000 deposit. Upon paying the $212,000 balance, a sheriff's deed of foreclosure was issued in her company's name, MIA Investment Group, LLC, which deed was recorded on December 27, 2019. Plaintiff submitted a copy of the filed deed to the court.

Based on the proofs submitted at the hearing, the judge was "satisfied that the property [was] now owned by MIA Investment Group," and amended the pleadings to indicate the proper named party as "MIA Investment Group, LLC." On the same date, the judge entered two memorializing orders. In one order, the judge denied defendant's motion for summary judgment "because . . . [p]laintiff . . . supplied the [c]ourt with a [s]heriff's [d]eed of [f]oreclosure dated December 2019 indicating . . . [p]laintiff was the successful bidder at a [s]heriff['s s]ale on the [subject] property . . . and subsequently assigned the bid to MIA Investment Group, LLC." In the other order, the judge granted plaintiff "possession of the

[subject property]" and ordered defendant "to vacate . . . pursuant to N.J.S.A. 2A:35-1[2] and N.J.S.A. 2A:39-1[3]."

In this ensuing appeal, defendant argues the judge erred in denying her summary judgment when plaintiff failed to "file an[y] opposition opposing the motion." Defendant also contends the judge "made insufficient findings and conclusions of law" as required under Rule 1:7-4(a).

"The jurisdiction of appellate courts . . . is bound[] by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public

---

[2]  Pursuant to N.J.S.A. 2A:35-1, "[a]ny person claiming the right of possession of real property in the possession of another, or claiming title to such real property, shall be entitled to have his rights determined in an action in the Superior Court." See Marder v. Realty Constr. Co., 84 N.J. Super. 313, 320 (App. Div. 1964) (observing "[t]here can be no doubt" N.J.S.A. 2A:35-1 "is intended to allow a remedy to one who claims title to property [i]n the possession of another. The statute replaces the common law action of ejectment . . . ."). Enforcement of the ejectment order was stayed pursuant to Executive Order No. 106 and P.L. 2020, c. 1.

[3]  N.J.S.A. 2A:39-1 prohibits unlawful entry upon real property.

interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

Here, neither the jurisdictional nor the public interest exception applies. Defendant's failure to participate in the May 21, 2020 hearing, despite numerous opportunities to do so, precludes her from raising issues that should have first been addressed to the judge.

Our review is further hampered by defendant's failure to provide a complete record on appeal. Rule 2:5-4(a) states in relevant part:

> The record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein, and all papers filed with or entries made on the records of the appellate court.

See also R. 2:5-3(b) ("[T]he transcript shall include the entire proceedings . . . ."); R. 2:6-1(a) (providing the appendix must contain parts of the record "essential to the proper consideration of the issues"). Significantly, the December 2019 sheriff's deed of foreclosure relied on by the judge is not included in the record on appeal. Further, there are unexplained gaps in the procedural history of the case.

An array of discretionary sanctions are available for non-compliance with our rules, including, but not limited to, dismissal of the appeal, imposition of

5

costs and fees, as well as other penalties. <u>See</u> <u>R.</u> 2:9-9. Here, we are convinced that the procedural deficiencies warrant the dismissal of defendant's appeal.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION