**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3061-20

STEFANIE BERGEN,

    Plaintiff-Appellant,

v.

POLINA SANNINO,

    Defendant-Respondent.

_____

Submitted March 29, 2022 – Decided August 18, 2022

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-006647-20.

Krevsky, Silber & Bergen, attorneys for appellant (Bruce H. Bergen, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Plaintiff, Stefanie Bergen, appeals the denial of reconsideration on a special civil part lawsuit she filed against her landlord, defendant Polina

Sannino,[1] to recover pro-rated rent as well as her security deposit pursuant to N.J.S.A. 46:8-21.1. Defendant had kept a portion of the security deposit for damage plaintiff allegedly caused while living in the apartment. After a trial, the Law Division, Special Civil Part ordered that defendant return pro-rated rent to plaintiff. The trial court denied plaintiff's statutory claim to the security deposit, and it awarded $450 in damages to defendant. The trial court denied the plaintiff's motion for reconsideration. We affirm.

Plaintiff and defendant entered into an annual lease for a residential unit in Springfield. The rent was $1,625 per month. Plaintiff paid a security deposit of $2,437.50, which represented one and a half times the monthly rent. After the second year of the lease, the parties did not sign a new annual lease and went to a month-to-month lease status. Eventually, defendant provided notice of termination, and plaintiff was scheduled to vacate by July 31. By mutual agreement, the parties settled on July 25 as the date by which plaintiff would leave. The parties further agreed that defendant would refund plaintiff her last six days' pro-rated rent, which was $314.52.

---

[1] Defendant's brief on appeal was suppressed by our order of January 3, 2022. Defendant has not filed a motion to vacate the order.

Plaintiff vacated by July 25, but she received neither the pro-rated rent nor her security deposit from defendant for some weeks. After contentious email communications between the parties, on August 18 plaintiff received a security deposit check mailed to her by defendant in the amount of $2,000.49. Defendant informed plaintiff at that time that she would be withholding $450 for damage to the unit. Defendant did not send the pro-rated rent check.

On or about August 29, plaintiff filed a complaint against defendant pursuant to N.J.S.A. 46:8-21.1, seeking return of partially retained security deposit, including double damages and counsel fees, and for payment of agreed pro-rated rent refund. Defendant filed a timely answer. After discovery and case management, the matter was tried remotely, and defendant represented herself.

The trial court heard testimony from plaintiff and defendant, as well as two other witnesses, Jodi Bergen and Sandy Bergen, who helped plaintiff clean the apartment. The court made findings about the condition of the apartment at the time plaintiff vacated it, concluding that defendant was warranted in deducting the money from plaintiff's security deposit. Defendant presented no receipts, but she testified as to her damage costs in terms of labor and material. The trial court found defendant testified credibly to a $250 cost for apartment

cleaning, a $150 cost for kitchen sink repair, and a $50 cost for replacement of a light switch. The court found plaintiff credible, citing her candor in admitting at trial that she never objected to defendant withholding the $450 from her security deposit.

The trial court found plaintiff did not meet her burden under N.J.S.A. 46:8-21.1, finding for defendant on plaintiff's security deposit claim, and allowing her to keep the $450. The court also found that plaintiff and defendant had a binding agreement for plaintiff to vacate the leased premises six days early; therefore, defendant had a contractual obligation to return the pro-rated rent of $314.52. Plaintiff moved for reconsideration, which the trial court denied.

On appeal plaintiff argues that the trial court erred by denying the motion for reconsideration and that the court committed two errors at trial.

Plaintiff argues for the first time before us that the trial court erred by considering and referencing in its findings a thread of text messages between the parties that were marked for identification, but never entered into evidence. The messages contain a protracted and contentious exchange between defendant and plaintiff's father, an attorney who represented her at trial. The subject of the text message exchange was plaintiff's departure date and the status of the

pro-rated rent refund. The record shows ample witness testimony regarding the few relevant matters within the text thread.

We do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).

At the outset we note that plaintiff never objected to the introduction of the text messages despite extensive case management and the pre-marking of exhibits. Since this issue was not properly presented to the trial court, we decline to address it now.

We take plaintiff's next two points together. Plaintiff argues that the trial court had insufficient evidence to deny plaintiff's claim for damages under N.J.S.A. 46:8-21.1, and that it was error for the court to deny reconsideration on this issue.

The relevant part of the statute requires a landlord to return a security deposit within thirty days of lease termination, "less any charges expended in accordance with the terms of a contract, lease, or agreement . . . ." N.J.S.A.

46:8-21.1. The trial court found that the parties had a month-to-month lease agreement at the time of the lease termination in July. The court made damages findings, and concluded defendant was entitled to keep $450 from the security deposit. We review the trial court's findings in the context of its order denying reconsideration.

The decision whether to deny motion for reconsideration under Rule 4:49-2 is addressed to the trial judge's discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We will not disturb denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). An abuse of discretion arises "when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted). We will not overturn a determination of the trial court "unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004) (citations omitted).

On this record, we find no abuse of reasoned discretion by the court. The court applied the relevant law and made factual findings supported by adequate, substantial, and credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3061-20