**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2023-22

KEVIN DANG,

    Plaintiff-Appellant,

v.

BESTBUY.COM, FEDEX
CARGO CLAIMS, AND
SYNCHRONY BANK,

    Defendants-Respondents.

_____

Submitted October 9, 2024 – Decided November 15, 2024

Before Judges Paganelli and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. SC-000057-23.

Kevin Dang, appellant pro se.

Callahan & Fusco, LLC, attorneys for respondent FedEx Cargo Claims (David P. Cerqueira, on the brief).

Reed Smith LLP, attorneys for respondent Synchrony Bank (Owen Gonzalez, of counsel and on the brief).

Resnick and Louis, PC, attorneys for respondent BestBuy.com (Scott H. Goldstein, on the brief).

PER CURIAM

Plaintiff, Kevin Dang, appeals from the trial court's dismissal of his complaint, following a bench trial, for failure to establish his cause of action. Because the trial court's findings of fact were adequately supported in the record and the judge correctly applied the law, we affirm.

We glean the basically undisputed facts from the trial record. On March 5, 2022, Dang executed an online purchase of a DJI Mavic 3 drone from defendant, BestBuy.com (Best Buy). Dang used a credit card issued by defendant, Synchrony Bank (Synchrony) for the purchase. Dang testified the drone was "delivered on March 9, 2022," to his single-family home by defendant, FedEx Cargo Claims (FedEx). Dang claimed his signature was required for the delivery of the drone. Dang acknowledged that the "delivery confirmation" disclosed he signed for the drone; however, he denied signing for or ever receiving the drone. He suggested perhaps the FedEx delivery person signed the confirmation.

Dang filed a "missing package" report with Best Buy. Initially, Best Buy indicated it would send a replacement package. However, relying on the "proof of delivery with signature," Best Buy canceled the replacement. Dang

2

contended that Best Buy was required to send him a replacement drone. He also argued that Best Buy was required to insure the drone because its value exceeded two-thousand dollars.

Dang filed a dispute regarding the transaction with Synchrony. He testified that Synchrony did not resolve the dispute with Best Buy. He contended that Synchrony was required to "stand on [his] side" and "work with Best Buy" to get his money back.

The trial court considered the testimony of the parties, as well as the trial exhibits. The judge stated the "FedEx delivery slip . . . has the package delivered to the correct address." He noted there was a signed receipt, and therefore, he found "proof of delivery." In addition, the judge found there was "no proof[] that FedEx did anything improper, [or] failed to do anything [in]consistent with their obligations." Therefore, the judge concluded there was "nothing at all [to establish] that FedEx did something or failed to do something that caused this loss." In addition, the trial court considered Dang's assertion that the FedEx delivery person signed for the package, but stated there was "no proof of that."

As to Synchrony, the trial court concluded there was "no proof[ of] . . . any action or inaction on the part of . . . Synchrony . . . that establishe[d] . . . any liability for this package." The judge concluded there was no proof

3

Synchrony was "some sort of guarantor of the package delivery" and that Synchrony merely "extended credit." Thus, the judge found "no liability on the part of Synchrony."

As to Best Buy, the trial court found that Best Buy "sent [out the drone] . . . via their carrier, FedEx" and "there [was no] proof[] at all that tend[ed] to establish that Best Buy did anything wrong."

Therefore, noting it was Dang's burden to establish "that any one of the[] three defendants [we]re the cause" of his loss, the judge found no cause of action and dismissed the complaint.

Here, Dang argues: (1) the FedEx delivery person should appear in court; (2) the signature was not his; (3) FedEx provided false information; (4) Best Buy should consider purchasing insurance; (5) there are federal consumer laws; and (6) Synchrony should provide a refund.

In conducting our appellate review, we apply a deferential standard to a "trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial." D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974). Therefore, "our appellate function is a

limited one: we do not disturb the factual findings . . . of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ibid. (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).

However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

"Appellate review is not limitless." State v. Robinson, 200 N.J. 1, 19 (2009). "The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." Ibid. It is well established that we will not consider an argument which was not raised before the trial court. See Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). Thus, we "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'"

Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).

Here, applying these well-established principles, we find no merit in Dang's arguments. The trial court's factual findings were sufficiently supported in the record and are entitled to our deference. In addition, the trial court's legal conclusion that Dang failed to satisfy his burden of persuasion—to establish one of the defendants caused his loss—is unassailable.

Dang's bald assertion that federal consumer laws may apply or that the FedEx delivery person should appear in court, are issues raised for the first time on appeal. Because Dang had the opportunity to present those issues to the trial court and since neither issue "go[es] to the jurisdiction of the trial court or concern matters of great public interest," we decline to consider them here. Reynolds, 58 N.J. Super. at 548.

To the extent we have not considered any of Dang's remaining arguments, we deem them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2023-22