**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3618-22

FARRIS ALBASIR,

     Plaintiff-Appellant,

v.

CITY OF HOBOKEN, LINDA
LANDOLFI, and GEORGE
DESTEFANO,

     Defendants-Respondents.

_____

Submitted October 17, 2024 – Decided November 19, 2024

Before Judges Currier and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-012428-20.

Farris Albasir, appellant pro se.

Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys for respondents (Jack M. Middough, of counsel and on the brief).

PER CURIAM

Plaintiff Farris Albasir appeals from the June 26, 2023 order dismissing his complaint based on a breach of contract claim against defendants City of Hoboken, Linda Landolfi, and George DeStefano.  Plaintiff further appeals from the September 8, 2023 order dismissing his defamation claims against defendants.  We affirm.

I.

Plaintiff is the president of Almahdyyeen Foundation Inc., a non-profit organization.  In 2019, he asserts he received, as a donation, five original bearer bonds issued by the City of Hoboken.

In April 2019, plaintiff contacted defendant Landolfi, Director of Finance for Hoboken, seeking information on how to redeem the bearer bonds.  Landolfi requested defendant DeStefano, Chief Financial Officer for Hoboken, to review the City's records regarding the bonds to assist plaintiff.  DeStefano "identified the bonds as High School Series A [b]earer [b]onds issued by the City of Hoboken in 1962."  The bonds matured on June 1, 1997.

DeStefano was unable to obtain much information about the bonds because many of Hoboken's records were destroyed by flooding from Hurricane Sandy.  The storm destroyed "receipts, reconciliations, and bank statements from the 1990s and early 2000s."  The only relevant documents DeStefano was

"able to find were City Audit Reports from June 30, 1997, through June 30, 2002" indicating the bonds "were issued on June 1, 1962, incurring a total debt obligation of $ 647,000.00 for the City."  The audit reports also showed "a debt service payment was made by the City [each year from 1998 to 2002], drawing down the debt owed until it reached $0.00 by June 30, 2002."

In May 2019, DeStefano "emailed [a representative] of Wilmington Trust, the City's current paying agent for its bonds, for information about the [b]onds." The representative was unable to provide information on the bonds, "but believed that the money reserved to pay the outstanding amount on the [b]onds had already escheated to the State of New Jersey as unclaimed property."

In June 2019, DeStefano notified police of the situation involving plaintiff and the bearer bonds because Hoboken was concerned about possible "suspicious activity . . . linked" to the bonds.  Landolfi and DeStefano continued to investigate the matter on plaintiff's behalf.  In July 2019, Landolfi was informed the 2002 paying agent for the bonds was Trust Company of New Jersey, which was bought by Capital One.  Capital One was unable to find any records concerning the bearer bonds.

In October 2019, Landolfi contacted New Jersey's Unclaimed Property Administration (UPA) regarding the bonds.  Landolfi emailed plaintiff

3

explaining he should "contact [the UPA] again with [his] claim number and explain there is no way to retrieve [an escheatment] letter from the [p]aying [a]gent since they are no longer in business and the successor company does not have the records." Plaintiff responded, requesting that Landolfi "email [the UPA] a copy of the [five] [b]onds with [c]oupons and [a] letter . . . explaining the situation." Landolfi replied she is "unable to file the claim for [plaintiff] since [she is] not the owner of the property."

In March 2020, plaintiff wrote to the mayor of Hoboken requesting "redemption of [the] five bearer bonds and its coupons plus the interest for the time since 1997," but did not receive a response. Plaintiff subsequently filed a complaint in December 2020 in the Special Civil Part seeking $14,500 in damages for redemption of the bonds. He alleged:

> I tried to redeem [five] bearer bonds [with] . . . Hoboken . . . due [on] June 1, 1997 each value[d] [at] $1000 with its coupons but [D]irector of Finance . . . Linda Landolfi and her assistant . . . George DeStefano said they were redeemed and filed a police report against me as if I fabricated them. I sent a letter to the Mayor . . . but [received] no response.

The trial court initially dismissed plaintiff's complaint relying on the six-year statute of limitations provision set forth in N.J.S.A.12A:3-118. On appeal, we reversed and remanded for further discovery, finding the trial court

4

improperly relied on the statute of limitations provision under N.J.S.A. 12A:3-118.  Albasir v. City of Hoboken, No. A-2710-20 (App. Div. Feb. 27, 2023) (slip op. at 9).

On remand, the court ordered defendants to "produce any and all documents/records which relate to payment of the bonds in question and [prepare] a certification specifying the efforts made to locate any such documents/records [for] [p]laintiff."  In April 2023, Hoboken provided a certification from DeStefano detailing the City's efforts to track down information regarding the bonds.

Defendants subsequently moved to dismiss the complaint.  On June 26, 2023, the court dismissed plaintiff's breach of contract claim with prejudice as time-barred pursuant to N.J.S.A. 2:14-1(a).  The court also dismissed plaintiff's claims "related to the filing of [the] police report by defendants," but did so without prejudice "subject to [plaintiff's] filing of an amended complaint."

Plaintiff filed an amended complaint asserting a defamation claim. Defendant moved to dismiss the amended complaint.  On September 8, 2023, the court also dismissed the defamation claims with prejudice based on the statute of limitations.

Thereafter, plaintiff appealed.

A-3618-22

## II.

Plaintiff alleges the court erred in granting the motion to dismiss his contract claim based on the statute of limitations because defendants did not report the fund to the UPA when no holder redeemed within a year of 1997, and therefore, his claim remains viable in perpetuity. He further asserts the court erred in granting defendants' motion to dismiss because it denied plaintiff the opportunity to add his breach of fiduciary duty claim. He argues the court also erred in granting defendants' motion to dismiss the defamation claim.

We review de novo a dismissal of a complaint on statute-of-limitations grounds, applying the same standard under Rule 4:6-2(e) that governed the motion judge. Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022); see also Wreden v. Twp. of Lafayette, 436 N.J. Super. 117, 124 (App. Div. 2014).

"When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017). "The essential test is 'whether a cause of action is "suggested" by the facts.'" Sashihara v. Nobel Learning Cmtys., Inc., 461 N.J. Super. 195, 200 (App. Div. 2019) (quoting Printing Mart-Morristown v. Sharp

Elecs., 116 N.J. 739, 746 (1989)). Thus, a motion to dismiss a complaint under Rule 4:6-2(e) "must be based on the pleadings themselves." Roa v. Roa, 200 N.J. 555, 562 (2010).

## A.

Plaintiff maintains his contract claim is viable under N.J.S.A. 46:30B-77, arguing Hoboken remains liable for the unclaimed property claim "forever" due to their failure "to report and send the fund to the state after a year." Plaintiff did not address the trial court's conclusion the action was barred by N.J.S.A. 2A:14-1(a).

Plaintiff's reliance on N.J.S.A. 46:30B-77 is misplaced. That statute is inapplicable because it deals with the entitlement of heirs to the property of an intestate decedent. N.J.S.A. 46:30B-77. Here, plaintiff asserts he received the bonds as an anonymous donation, not as an heir. In addition, the statute does not contain the language, as stated by plaintiff, that the "issuer is liable forever." Therefore, there is no merit to plaintiff's contention.

We noted in our earlier opinion that a bond is a contract between the issuer and the bond's owner, Rudbart v. N. Jersey Dist. Water Supply Comm'n, 127 N.J. 344, 352 (1992), which in the case of a bearer bond is the person in possession of the bond, South Carolina v. Baker, 485 U.S. 505, 508 (1988).

Plaintiff sued Hoboken for breach of contract for failure to pay the principal and interest due on the bonds on presentment.

The trial court noted:

> [T]he [c]ourt finds that the action for failure to redeem the bonds to this plaintiff is a breach of contract action again for which it's been confirmed the discovery rule does not apply.[1]  Therefore, the [c]ourt finds that the action for redemption of the bearer bonds is untimely based upon N.J.S.A. 2A:14-1(a).

The court properly concluded N.J.S.A. 2A:14-1 is the governing statute. N.J.S.A. 2A:14-1(a) provides "[e]very action at law . . . for recovery upon a contractual claim or liability . . . shall be commenced within six years next after the cause of any such action shall have accrued."  Here, the bonds matured on June 1, 1997.  Therefore, plaintiff had to file an action by June 1, 2003.  N.J.S.A. 2A:14-1(a).  Accordingly, the trial court did not err in dismissing plaintiff's complaint as untimely.

---

[1] We previously noted the trial court properly determined that the discovery rule did not apply here.  (slip op. at 9 n.1).  See Cnty. of Morris v. Fauver, 153 N.J. 80, 110 (1998) (explaining "[t]he rationale for employing the discovery rule in tort- or fraud-type actions . . . does not carry over to most contract actions").

A-3618-22

B.

Plaintiff asserted for the first time during oral argument before the trial court that defendants owed him a fiduciary duty.

The trial court noted:

> plaintiff referenced a breach of fiduciary duty for the first time during oral argument here today.  So that wasn't briefed.  It's not in the complaint, it's not in . . . defendant[s'] motion as a result, it's also not in . . . plaintiff's written opposition to . . . defendant[s'] motion.  So the court is not considering any allegation that there was a breach of fiduciary duty in this case.  In any event, there's no evidence in the record that there's any fiduciary duty owed by . . . defendants to this plaintiff.

"[A] mere mention of an issue in oral argument does not require an appellate court to address it."  Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2025) (citing Selective Ins. Co. v. Rothman, 208 N.J. 580, 586 (2012)).  "Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below."  State v. Galicia, 210 N.J. 364, 383 (2012).  "For sound jurisprudential reasons, with few exceptions, 'our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available.'"  State v. Witt, 223 N.J. 409, 419 (2015) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)).  Appellate courts do not "consider questions or issues

not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)). The appeal here does not involve an issue of jurisdiction or a matter of great public importance that warrants departure from this general rule.

Nevertheless, because the court addressed the issue, we observe that in the context of determining whether a creditor owed a fiduciary duty to a debtor, we previously noted, "there is no presumed fiduciary relationship between a bank and its customer." United Jersey Bank v. Kensey, 306 N.J. Super. 540, 552 (App. Div. 1997). Here, there is no evidence in the record giving rise to a fiduciary relationship between plaintiff and defendants. The bonds here were issued in 1962 to someone other than plaintiff, and plaintiff only came into possession of the instruments in 2019. The only relationship the parties have is a debtor-creditor relationship.

We further note that claims for both breach of contract and breach of fiduciary duty are governed by the same six-year statute of limitations. N.J.S.A. 2A:14-1; O'Keefe v. Snyder, 83 N.J. 478, 489 (1980). Therefore, plaintiff's

10

claim would have been time-barred even if the court allowed him to amend his complaint.

C.

With leave of court, plaintiff filed an amended complaint alleging defendants defamed him by filing a police report portraying him as a "crook[ed] man" or a "thief." Defendants assert plaintiff's defamation claim is time-barred under N.J.S.A. 2A:14-3.

Under N.J.S.A. 2A:14-3, "[e]very action at law for libel or slander shall be commenced within [one] year next after the publication of the alleged libel or slander." Here, the police report was filed in June 2019. Plaintiff filed his initial complaint in December 2020 and amended his complaint to include the defamation claim in July 2023.

The trial court noted:

> The [s]tatute requires the claim to be filed within one year after the publication (or communication) of the defamation. For [p]laintiff's claim to be viable, [p]laintiff must have filed the claim for defamation by [June] 2020. As a result[] of the claim being filed three years after the incident, the claim is now barred since it was filed beyond the one-year limitation.

We discern no error. The trial court properly concluded plaintiff's complaint was filed outside of the one-year statute of limitations period for defamation claims and therefore dismissed the claim.

To the extent we have not addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3618-22