**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2352-22

CHRYSSOULA ARSENIS,

    Plaintiff-Appellant,

v.

STEVEN RADA, EMR PROXY
FLOORING CORP., and
RICHARD KLEIN,

    Defendants-Respondents.

_____

> Submitted December 18, 2024 – Decided March 10, 2025
>
> Before Judges Rose and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. DC-005024-21.
>
> Chryssoula Arsenis, appellant pro se.
>
> Respondents have not filed a brief.

PER CURIAM

    Plaintiff Chryssoula Arsenis appeals from a March 24, 2023 Special Civil

Part order, denying reconsideration of a December 23, 2022 order that dismissed

her complaint because the allegations against defendants EMR Epoxy Flooring Corp., Steven Rada, and Richard Klein were resolved in arbitration. We affirm.

According to the limited record provided on appeal,[1] plaintiff hired defendants to install a waterproof system at her home. Defendants estimated the project would cost $4,725 and plaintiff paid the initial $2,362.50 deposit. At some point thereafter, a dispute arose concerning the permits for the project.

In her narrative complaint, plaintiff claimed Klein experienced problems obtaining necessary permits then injured his hand and was unable to complete the job. Plaintiff further asserted she called EMR's owner, Rada, who did not respond and, as such, she hired another contractor to complete the job.

In their counterclaim, defendants claimed they incurred $2,525.91 in costs to complete the project and left their equipment and materials at plaintiff's property. Defendants further asserted: plaintiff initiated an arbitration request pursuant to FairClaims, an online arbitration platform, to resolve their dispute; defendants agreed to the request; a hearing was scheduled for May 24, 2021; plaintiff failed to appear at the hearing; and the arbitrator entered an award for

---

[1] At all stages of the litigation, plaintiff has represented herself.

A-2352-22

defendants.  Defendants set forth the terms of the award in paragraph 17 of their counterclaim[2]:

1. Defendant may retain the deposit of $2,362.50 and will be entitled to an additional $446.42 if the material and equipment on [p]laintiff's property is not returned within 14 days of issuance of the award.

2. Defendant may be entitled to 70% of the labor expended on the job.

Notwithstanding the arbitration award, plaintiff filed her complaint against defendants in the Special Civil Part.  Plaintiff sought costs associated with completing the project.  In the final paragraph of the complaint plaintiff also "request[ed] a Judgment of Consumer Fraud" for $8,025.  Plaintiff claimed Klein never provided proof of his injury and EMR failed to complete the job and pass inspection.

The parties filed cross-motions for summary judgment.  Immediately following argument on the December 23, 2022 return date, the motion judge denied both applications.  In his oral decision, the judge found the arbitration award barred his consideration of the motions and warranted dismissal of the complaint.  The judge explained unless plaintiff claimed "the arbitrator's award

---

[2] The arbitrator's award was not provided on appeal.

A-2352-22

. . . was not in accordance with the law," that is, if the award was "arbitra[ry], capricious, or unreasonable," she could not file "the same claim in th[at] court."

Plaintiff moved for reconsideration. During oral argument before the same judge on March 24, 2023, plaintiff asserted her attempts to postpone the arbitration proceedings were unsuccessful. The judge explained the court could not "overrule an arbitrator's decision whether or not to postpone a hearing."

Immediately following argument, the judge issued an oral decision denying plaintiff's motion and reiterating his prior findings. Referencing the arbitrator's decision, the judge also found no evidence that the award was "arbitrary, capricious, or unreasonable." The judge noted even though plaintiff "failed to appear at the arbitration . . . the arbitrator in her decision . . . recount[ed] that she reviewed all the documents and all the material provided by [plaintiff] in reaching her decision." The judge found plaintiff failed to satisfy the standard for reconsideration.

For the first time on appeal, plaintiff summarily argues enforcement of the arbitration award violates public policy and "the arbitration clause" set forth in the parties' contract[3] "is neither binding nor relevant to the dispute at hand," which "should be resolved in court." Generally, we "decline to consider

---

[3] The contract was not provided on appeal.

A-2352-22

questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)).  Those exceptions do not apply here.

Discerning no abuse of discretion in the motion judge's decision on reconsideration, Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021), we decline to disturb the March 24, 2023 order.  We affirm for the reasons articulated by the motion judge in his accompanying oral decision.

To the extent not expressly addressed, plaintiff's remaining contentions lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

5

A-2352-22